IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
Case No.: 3:09-cv-192

THOMAS A. ALLEN,
                Plaintiff,

vs.

JOHN MARLIN DANCE,
                Defendant.

**JOHN MARLIN DANCE'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**NOW COMES** Defendant John Marlin Dance and in support of his Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, states:

## STATEMENT OF FACTS

The Plaintiff filed a Complaint in Union County, North Carolina, on April 9, 2009 alleging alienation of affections based on slanderous statements Complaint. The Plaintiff then amended the Complaint on April 29, 2009. Amended Complaint. In the Amended Complaint, the Plaintiff alleged that the "existing love and affection between Thomas A. Allen and his spouse was alienated and destroyed by defendant" when the Defendant "slandered the Plaintiff to the Plaintiff's wife." Amended Complaint ¶ 8. The Complaint is devoid of any actual statements made by the Defendant or any indication of the words or statements made by the Defendant about the Plaintiff.

## ARGUMENT

I. **The Plaintiff Has Failed to State A Claim Upon Which Relief Can Be Granted.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint must set forth "enough facts to state a claim to relief that is plausible on its face" and include

sufficient factual allegations "to raise a right to relief above the speculative level" in order to survive a motion to dismiss under Fed. R. Civ. 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 1974, 167 L.Ed.2d 929 (2007) A complaint "must be dismissed" when the allegations do not 'nudge' "claims across the line from conceivable to plausible". *Id.* at 1973.

Additionally, Fed. R. Civ. P. 8(a) requires a plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *Bell Atl. Corp.,* 127 S.Ct. at 1964-65. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do". *Id.* "The court "need not accept the [plaintiff's] legal conclusions drawn from the facts" nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments"". *Herman v. Lackey*, 2009 WL 252535 (4th Cir. 2009) quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175, 180 (4th Cir. 2000); *Adcock v. Freightliner, LLC*, 550 F.3d 369 (4th Cir. 2008).

II. **The Plaintiff Has Failed to Plead a Defamation Action.**

Defamatory words published to a third party, whether in the form of libel or slander, are actionable *per se* when they are "susceptible of but one meaning" and "when considered alone without innuendo" charge a person with the commission of a crime, having an infectious disease, "subject one to ridicule, contempt or disgrace" or tend "to impeach one in his trade or profession". *Flake v. Greensboro News Co.*, 212 N.C. 780, 195 S.E. 55, 60 (1938). General damages "arise by inference of law, and are allowed whenever the immediate tendency of the publication is to impair plaintiff's reputation, although no actual pecuniary loss has in fact resulted" in an action *per se. Flake*, 195 S.E. at 59; *Badame v. Lampke*, 242 N.C. 755, 89 S.E.2d 466 (1955).

Page 2

The defamatory statement "must be false and must be communicated to a person or persons other than the person defamed." *Andrews v. Elliott,* 109 N.C. App. 271, 274, 426 S.E.2d 430, 432 (1993) (citing *Morrow v. Kings Dep't Stores, Inc.*, 57 N.C. App. 13, 20, 290 S.E. 2d 732, 736 (1982). The statements do not need to be set out verbatim in the complaint if they are alleged "substantially *in haec verba*, or with sufficient particularity to enable the court to determine whether the statement was defamatory." *Id.* (quoting *Stutts v. Duke Power Co.*, 47 N.C. App. 76, 83-84, 266 S.E.2d 861, 866 (1980)).

"Whether a publication is one of the type that properly may be deemed libelous *per se* is a question of law to be decided initially by the trial court." *Ellis v. Northern Star Co.*, 326 N.C. 219, 388 S.E.2d 127 (1990) The publication must be considered as a whole when the court "considers how the alleged defamatory publication would have been understood by the average reader". *Nucor Corp. v. Prudential Equity Group*, 659 S.E.2d 483, 487 (N.C. App. 2008) "[T]he alleged defamatory statements must be construed only in the context of the document in which they are contained, "stripped of all insinuations, innuendo, colloquium and explanatory circumstances. The articles must be defamatory on its face within the four corners thereof". *Id.* (quoting *Renwick*, 312 S.E.2d at 409).

III. **The Complaint Should Be Dismissed For Failing to State A Claim Upon Which Relief Can Be Granted.**

The claim of alienation of affections, based on slander, should be dismissed for failure to state a claim upon which relief can be granted because the Complaint does not adequately allege the essential elements necessary to show entitlement to recovery. The Complaint merely alleges that the Defendant slandered the Plaintiff without providing any facts to support that assertion. It certainly does not contain the statements verbatim. It also does not contain "substantially *in haec verba*" or with "sufficient particularity" what

statements were made. Therefore, the court is unable to determine whether the statements were even defamatory. Although the claim, like many others, may be conceivable, it is not plausible.

IV. **Conclusion**

The Court should not accept the Plaintiff's legal conclusions that lack factual support as sufficiently stating a claim that merits relief. Because the determination as to whether the statement was defamatory is impossible without knowing what the statements even were, the Plaintiff has failed to state a claim upon which relief can be granted and the alienation of affection claim that rests on the alleged slanderous statements should be dismissed.

This the __20th__ Day of May, 2009.

**TEMPLETON & RAYNOR, P.A.**

/s/Carrie O'Brien
Carrie H. O'Brien
*(Attorney for Defendant John Marlin Dance)*
1800 East Boulevard
Charlotte, NC 28203
Phone 704.344.8500; Fax 704.344.8555
*carrie@templetonraynor.com*
N.C. Bar No.: 27643

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2009, I electronically Filed **John Marlin Dance's Memorandum in Support of Motion to Dismiss** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

*christopherjohnsonlaw@hotmail.com*

This the ___20th___ Day of May, 2009.

/s/Carrie O'Brien
Carrie O'Brien
**TEMPLETON & RAYNOR, P.A.**