IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:09cv192

| | |
|---|---|
| THOMAS A. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| JOHN MARLIN DANCE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte*.

On April 9, 2009, the Plaintiff Thomas A. Allen filed a Complaint in the Union County General Court of Justice, Superior Court Division, against the Defendant John Marlin Dance, asserting a claim for the alienation of affections of the Plaintiff's wife, Peggy R. Dance. The Complaint alleges that the Plaintiff is a citizen and resident of North Carolina, and that the Defendant is a citizen and resident of Virginia. [Doc. 1-2 at 2]. The Complaint seeks an award of compensatory and punitive damages "in excess of" $10,000.00. [Id. at 3]. On May 11, 2009, the Defendant John Marlin Dance removed this action to this Court, asserting that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). [Doc. 1].

Federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). These jurisdictional requirements are absolute, and no party may waive a jurisdictional defect. See Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 392, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998).

In the present case, it does not appear from the face of the Complaint that the amount in controversy exceeds the sum or value of $75,000, the statutory minimum for federal diversity jurisdiction. As the party asserting federal jurisdiction, the Defendant has the burden of proving by a preponderance of the evidence that the jurisdictional requirements for removal have been met. Lawson v. Tyco Electronics Corp., 286 F.Supp.2d 639, 641 (M.D.N.C. 2003); Dash v. FirstPlus Home Loan Owner Trust 1996-2, 248 F.Supp.2d 489, 497 (M.D.N.C. 2003).

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant shall **SHOW CAUSE** by **July 22, 2009** why this case should not be remanded to state court for lack of subject matter jurisdiction. The Plaintiff may file a response to the Defendant's filing on or before **July 29, 2009**.

**IT IS SO ORDERED**.

Signed: July 2, 2009

Martin Reidinger
United States District Judge

3

Case 3:09-cv-00192-MR-DSC   Document 6   Filed 07/02/09   Page 3 of 3