IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
Case No.: 3:09-cv-192

THOMAS A. ALLEN,

Plaintiff,

vs.

JOHN MARLIN DANCE,

Defendant.

**DEFENDANT JOHN MARLIN DANCE'S RESPONSE TO ORDER TO SHOW CAUSE**

**NOW COMES** the Defendant John Marlin Dance, and in response to the Court's Order to Show Cause why the case should remain in federal court, shows unto the Court as follows:

## SUMMARY

This Court has subject matter jurisdiction because there is diversity of citizenship and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00). As the Plaintiff did not allege a specific amount of damages, it is proper for the Court to look at additional evidence to determine the amount in controversy, including the amount for which the Defendant could be liable if the Plaintiff were successful in state court. The Plaintiff has alleged multiple claims, accusing Mr. Dance of slandering him and of alienating the affections of his wife. North Carolina cases with alienation of affection and slander claims have produced verdicts of several hundred thousand dollars, easily exceeding the statutory minimum for the amount in controversy, and therefore this Court has subject matter jurisdiction over this case.

## BACKGROUND

The Plaintiff, a citizen and resident of North Carolina, filed suit in state court in Union County, North Carolina alleging multiple claims, including alienation of affections and slander, against the Defendant. Amended Complaint ¶ 8. In the Amended Complaint, the Plaintiff alleges that he has been damaged in an amount in excess of $10,000.00. Amended Complaint ¶ 17. Further, the Plaintiff seeks an award of punitive damages in excess of $10,000.00. Amended Complaint ¶ 19. The Complaint does not specify that the awards sought are for only one claim and a liberal construction would apply both requests to each claim.

The Defendant, a citizen and resident of Virginia, filed a notice of removal to federal court based on diversity and that the amount in controversy exceeded $75,000.00. The Plaintiff has not objected to this removal. Further, the Plaintiff has not stipulated that damages sought would not exceed $75,000.00.

## ARGUMENT

I. Potential Liability Is a Proper Measure For Amount in Controversy When Complaint Alleges Unspecified Damages

In evaluating the amount in controversy when the Plaintiff has not alleged specific damages, this Court has required the defendant to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Lawson v. Tyco Electronics Corp.*, 286 F. Supp.2d 639 (W.D.N.C. 2003). Other courts in the Fourth Circuit, faced with unspecified damages, have determined the amount in controversy "by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Green v. Metal Sales Manufacturing Corp.*, 394 F. Supp.2d 860 (S.D. W.Va. 2005) (citing *Landmark Corp. v. Apogee coal Co.*, 945 F. Supp. 932

Page 2

(S.D.W.Va. 1996). Additionally, courts of the Fourth Circuit have looked at the entire record, not just that evidence presented by the parties, to determine whether or not the jurisdictional amount is in issue. *Id.* (citing *Sayre v. Potts*, 32 F. Supp.2d 881 (S.D.W.Va. 1999) (internal citations omitted)). Put another way, "'when a complaint is ambiguous at [sic] to the value of the action, 'until jurisdiction becomes determinate, the Court may consider any evidence of the amount in controversy.'" *PIGG v. Progressive Casualty Ins. Co.*, 2006 WL 1789145 (W.D.N.C. 2006) (citing *Talantis v. Paugh Surgical, Inc.*, 273 F. Supp. 2d 710 (M.D. N.C. 2003) (internal citations omitted)).

Here, the Plaintiff has not alleged specific damages. Instead, he has requested compensatory damages "in excess of Ten Thousand Dollars" and punitive damages "in excess of Ten Thousand Dollars," presumably for both the slander claim and the alienation of affections claim. Accordingly, the Court should look to any and all evidence, including the potential liability of the defendant if the plaintiff were successful on his claims at the time that they were removed to federal court, to determine the amount in controversy. Here, the Plaintiff alleges both slander and alienation of affection. As shown below, the potential liability for a defendant on alienation of affections and slander claims in North Carolina easily surpasses the minimum amount required for federal jurisdiction based on diversity.

II.    North Carolina Verdicts for Alienation of Affection and Slander Claims

There is a long line of North Carolina cases, dealing with alienation of affections in particular, that has produced large jury verdicts. In several cases, the verdicts returned easily surpass the statutory minimum of in excess of $75,000.00 in controversy. A survey of verdicts for such claims shows that juries have returned compensatory and punitive damages awards for plaintiffs totaling several hundred thousand dollars. Significantly, these awards have been upheld by the appellate courts of North Carolina.

Page 3

At least as early as 1927, juries awarded large verdicts for alienation of affections. In *Hyatt v. McCoy,* the jury awarded $10,000.00 in compensatory damages and $2,000.00 in punitive damages for the plaintiff. 194 N.C. 760, 140 S.E. 807 (1927). The judge reduced the compensatory damages to $8,000.00 and the North Carolina Supreme Court reversed that reduction, holding that the plaintiff was entitled "to a judgment for the full amount awarded by the jury both as to compensatory and as to punitive damages." *Id.*

In *Jennings v. Hessen*, a case from Forsyth County, the defendant appealed from a verdict of $200,00.00 in compensatory and $300,000.00 in punitive damages awarded the plaintiff on her alienation of affections claim. 103 N.C. App. 739, 407 S.E.2d 264 (1991). The Supreme Court ordered the case be remanded for findings of fact regarding the amounts, which took place, and then the Court of Appeals affirmed the punitive damages award of $300,000.00 while vacating the order of compensatory damages of $200,000.00 and remanding it to the trial court yet again on that issue.

In *Hutelmyer v. Cox*, the jury awarded the plaintiff $500,000.00 in punitive damages and $500,000.00 in compensatory damages on claims of alienation of affection and criminal conversation. 133 N.C. App. 364, 514 S.E.2d 554, *disc. review denied*, 351 N.C. 104, 541 S.E.2d 146 (1999). The Court of Appeals of North Carolina upheld these awards.

In *Pharr v. Beck*, the North Carolina Court of Appeals upheld damages in the amount of $86,250.00 for the plaintiff's alienation of affection claim. 147 N.C.App. 268, 554 S.E.2d 851 (N.C. App. 2001) (overturned on other grounds).

In *Oddo v. Presser*, the Supreme Court of North Carolina upheld the jury's verdict of $500,000 in punitive damages for the plaintiff's claims of alienation of affection and criminal conversation. 358 N.C. 128, 592 S.E.2d 195 (2004).

Page 4

Case 3:09-cv-00192-MR-DSC   Document 7   Filed 07/22/09   Page 4 of 7

In *Boileau v. Seagrave*, a case from Mecklenburg County, the plaintiff was awarded $5,000.00 in punitive damages on the alienation of affections claim and $100,000.00 in punitive damages for the slander claim in addition to $1 in compensatory damages for each of those claims. 667 S.E.2d 341, 2008 WL 4630528 (N.C. App. 2008) The North Carolina Court of Appeals upheld these verdicts in addition to damages awarded for criminal conversation.

In *Patterson v. Basurto*, a case from Hoke County and decided in May 2009, the plaintiff was awarded $500,000.00 on her alienation of affection claim against her former husband's new wife. *Patterson v. Basurto*, 08-CvS-191, Hoke County Superior Court (2009).

Based on these cases, the Defendant faced a possible verdict of more than $75,000.00. There are multiple claims, each with a claim of in excess of $10,000.00 in punitive damages and in excess of $10,000.00 in compensatory damages if the Complaint is construed liberally. The appellate courts of North Carolina have regularly upheld the large verdicts awarded to Plaintiffs for slander and alienation of affections claims. As it is appropriate for a court, in determining the amount in controversy, to consider the liability the defendant faced at the time of removal as part of the amount in controversy, this Court should consider these verdicts in excess of $75,000.00 as evidence that the Defendant has satisfied the statutory minimum amount in controversy of more than $75,000.00.

## CONCLUSION

The Plaintiff pleaded claims of alienation of affection and slander. The Complaint did not plead specific damages. It only requested an award of compensatory damages in excess of $10,000.00 and an award of punitive damages in excess of $10,000.00, presumably for each claim. When the Defendant removed the case to federal court, he faced the

Case 3:09-cv-00192-MR-DSC   Document 7   Filed 07/22/09   Page 5 of 7

possibility of a jury verdict in North Carolina far exceeding $75,000.00. Juries regularly and historically return large verdicts for these claims and the appellate courts of North Carolina uphold them. As it is appropriate for this Court to evaluate the potential liability in determining the amount in question, which the cases above show easily exceeds $75,000.00, and the Plaintiff has neither objected to the removal by the Defendant for an insufficient amount in controversy nor stipulated that the damages will not exceed $75,000.00, the whole body of evidence for this case shows that this Court has subject matter jurisdiction based on diversity of citizenship and the amount in controversy and the case should not be remanded to state court.

This the 22nd Day of July, 2009.

**TEMPLETON & RAYNOR, P.A.**

/s/ Carrie H. O'Brien
Carrie H. O'Brien
*(Attorney for Defendant John Marlin Dance)*
1800 East Boulevard
Charlotte, NC 28203
Phone 704.344.8500; Fax 704.344.8555
*carrie@templetonraynor.com*
N.C. Bar No.: 27643

# CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2009, I electronically filed the foregoing **Defendant John Marlin Dance's Response to Order to Show Cause** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*christopherjohnsonlaw@hotmail.com*

and I hereby certify that I have mailed the document to the following non-CM/ECF participants:

Mr. Christopher D. Johnson
800 Briar Creek Road, Suite DD - 518
Charlotte NC 28205
*(Represents Thomas A. Allen)*

This the 22nd Day of July, 2009.

/s/Carrie O'Brien
Carrie O'Brien
**TEMPLETON & RAYNOR, P.A.**