# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:09cv192

| | |
|---|---|
| **THOMAS A. ALLEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM OF** |
| **v.** ) | **DECISION AND ORDER** |
| ) | |
| **JOHN MARLIN DANCE,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Response to Order to Show Cause [Doc. 7], filed July 22, 2009.

On May 11, 2009, the Defendant John Marlin Dance filed a Notice of Removal [Doc. 1] on the grounds of diversity jurisdiction. Questioning whether the jurisdictional amount in controversy had been satisfied, this Court ordered the Defendant to show cause why this case should not be remanded to state court. The Court ordered the Defendant to respond by July 22, 2009, and allowed the Plaintiff to file any response to the Defendant's filing by July 29, 2009. [Doc. 6]. The Defendant has now responded to the Show Cause Order. [Doc. 7]. The Plaintiff has not filed any response to this filing. After careful consideration of the entire record in this case, the Court concludes

that the Defendant has failed to demonstrate by a preponderance of the evidence that the jurisdictional amount has been satisfied, and therefore, this case must be remanded to state court.

I.   **PROCEDURAL BACKGROUND**

On April 9, 2009, the Plaintiff Thomas A. Allen filed a Complaint in the Union County General Court of Justice, Superior Court Division, against the Defendant John Marlin Dance, asserting a claim for the alienation of affections of the Plaintiff's wife, Peggy R. Dance.  [Doc. 1-2 at 2].  An Amended Complaint was subsequently filed on April 29, 2009.  [Doc. 2].[1]

According to the Plaintiff's Amended Complaint, the Plaintiff is a citizen and resident of North Carolina, and the Defendant is a citizen and resident of Virginia.  [Id. at ¶¶1, 2].   The Plaintiff alleges that he and Peggy Dance were married on August 5, 2008 and separated on March 9, 2009.  [Id. at ¶¶5, 7]. The Plaintiff further alleges that until their separation, he and his spouse were

---

[1] The Defendant contends that the Plaintiff has asserted two causes of action: one for alienation of affections and one for slander.  A careful reading of the Amended Complaint reveals, however, that only one cause of action is alleged.  Only one heading is used in the Amended Complaint, identifying the "First Cause of Action" (and the only cause of action) as one for alienation of affections.  While the Plaintiff does allege that the Defendant committed slander [Doc. 2 at ¶8], it is clear that this allegation was made to establish the manner in which the Defendant allegedly alienated the affections of the Plaintiff's wife, not to assert a separate cause of action.

2

happily married and that a genuine love and affection existed between them. [Id. at ¶7]. The Plaintiff alleges that the existing love and affection between the Plaintiff and his spouse were alienated by the Defendant's acts of slander and harassment. [Id. at ¶8]. For this alienation of affections, the Plaintiff seeks awards of compensatory and punitive damages each "in excess of" $10,000.00, along with an award of interest and attorney's fees. [Id. at ¶¶17, 19].

### III.   ANALYSIS

A defendant may remove a civil action from state court if the action is one over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Removal jurisdiction is not favored, and thus the Court construes such jurisdiction strictly "in light of the federalism concerns inherent in that form of federal jurisdiction." In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006). The requirements for federal jurisdiction are absolute; the parties may not waive a jurisdictional defect, and if necessary, the Court, upon noticing a potential defect, "must raise the matter on its own." Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 389, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). In the end, "[i]f federal jurisdiction is doubtful,

a remand is necessary." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

The Defendant removed this civil action on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), which provides that the federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). As the Plaintiff is alleged to be a citizen of North Carolina and the Defendant is alleged to be a citizen of Virginia, there is diversity of citizenship for the purposes of § 1332(a)(1). Thus, the only issue that remains is whether the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." Id.

While the Fourth Circuit has not yet addressed the issue, district courts in this circuit have required the defendant, as the party asserting federal jurisdiction, to prove by a preponderance of the evidence that the amount in controversy has been satisfied. See, e.g., Green v. Metal Sales Mfg. Corp., 394 F.Supp.2d 864, 866 (S.D. W.Va. 2005); Dash v. FirstPlus Home Loan Owner Trust 1996-2, 248 F.Supp.2d 489, 497 (M.D.N.C. 2003); Sayre v. Potts, 32 F.Supp.2d 881, 885 (S.D. W.Va. 1999); Gwyn v. Wal-Mart Stores,

Inc., 955 F.Supp. 44, 46 (M.D.N.C. 1997); Crespo v. Delta Apparel, Inc., No. 5:07CV65-V, 2008 WL 2986279, at *2 (W.D.N.C. July 31, 2008). "To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000." Sayre, 32 F.Supp.2d at 886. "A speculative argument regarding the potential value of the award is insufficient." Delph v. Allstate Home Mortgage, Inc., 478 F.Supp.2d 852, 855 (D. Md. 2007) (quoting Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F.Supp. 1196, 1198 (N.D. Cal.1998)).

As a general rule, the amount in controversy is usually determined by "the status of the case as disclosed by the plaintiff's complaint." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291, 58 S.Ct. 586, 82 L.Ed. 845 (1938). In North Carolina, however, plaintiffs are prohibited from pleading an exact amount of claimed damages, and thus, a determination of the amount of controversy is not possible from the face of the complaint. See Lawson v. Tyco Electronics Corp., 286 F.Supp.2d 639, 641 (M.D.N.C. 2003) (citing N.C. Gen. Stat. § 1A-1, Rule 8(a)(2)). Under such circumstances, the Court may determine the amount in controversy by considering all evidence bearing on the issue, including:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including

5

>punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal.

Green, 394 F.Supp.2d at 866 (quoting Watterson v. GMRI, Inc., 14 F.Supp.2d 844, 850 (S.D. W.Va. 1997)). In evaluating these factors, the Court "is not required to leave its common sense behind." Green, 394 F.Supp.2d at 866 (quoting Weddington v. Ford Motor Credit Co., 59 F.Supp.2d 578, 584 (S.D. W.Va. 1999)).

In the present case, the Plaintiff seeks an award of compensatory damages for "loss of support, loss of services in the home, loss of consortium, loss of affections, emotional distress, injury to reputation and health, and separation from [his] spouse," as well as punitive damages for the Defendant's allegedly "willful, wanton, aggravated or malicious" conduct. [Doc. 2 at ¶¶17-19]. The Plaintiff's Amended Complaint offers no indication as to the precise amount of the losses he is alleged to have incurred. It must be noted, however, that the Plaintiff's marriage was of a relatively short duration – approximately seven months – and thus, as a matter of common sense, any damages that may be recoverable would likely be limited.

6

In arguing that the jurisdictional amount has been satisfied, the Defendant cites several North Carolina state cases involving alienation of affection claims which resulted in substantial jury verdicts. Based on these cases, the Defendant contends that it faces a possible jury verdict in this case of more than $75,000. [Doc. 7 at 5].

In considering verdicts awarded in other cases, the Court must ensure that the facts of those cases are sufficiently similar so as to be relevant to the case at bar. See Green, 394 F.Supp.2d at 866 (considering evidence of verdicts in cases involving plaintiffs who had similar "severe fractures" and similar damages as a result). While the Defendant has identified several state court cases where verdicts in excess of the jurisdictional amount of $75,000 were awarded, there has been no showing that these cases are factually similar to the present case. Indeed, from review of the brief factual allegations in the Plaintiff's Amended Complaint, it appears that this case is quite distinguishable from the cases cited by the Defendant. According to the Amended Complaint, the Plaintiff's marriage lasted only a matter of a few months, and the claimed alienation of affections allegedly resulted from the Defendant's harassment and slander of the Plaintiff. [Doc. 2 at ¶¶ 5, 7, 8]. The cases cited by the Defendant, on the other hand, either involved

marriages of several years' duration or certain aggravating circumstances, such as extramarital affairs, or both. See, e.g., Oddo v. Presser, 158 N.C. App. 360, 581 S.E.2d 123 (2003) (affirming $500,000 in punitive damages for claims of alienation of affections and criminal conversation where plaintiff was married for more than ten years, and defendant had extramarital affair with plaintiff's wife), reversed on other grounds, 358 N.C. 128, 592 S.E.2d 195 (2004); Pharr v. Beck, 147 N.C. App. 268, 554 S.E.2d 851 (2001) (affirming award of $86,250 for alienation of affections where plaintiff was married to husband for ten years, and defendant had extramarital affair with plaintiff's husband), overruled on other grounds by McCutchen v. McCutchen, 360 N.C. 280, 624 S.E.2d 620 (2006); Hutelmeyer v. Cox, 133 N.C. App. 364, 514 S.E.2d 554 (affirming award of $500,000 in compensatory damages and $500,000 in punitive damages for alienation of affections and criminal conversation where plaintiff was married to husband for 18 years, and defendant had extramarital affair with plaintiff's husband), disc. rev. denied, 351 N.C. 104, 541 S.E.2d 146 (1999); Jennings v. Jessen, 103 N.C. App. 739, 407 S.E.2d 264 (1991) (affirming $300,000 award of punitive damages

for alienation of affections where defendant engaged in extramarital affair with plaintiff's husband and cohabitated with him for several weeks).[2]

Because these cases have not been shown to be factually similar to the case at bar, the Court cannot say based upon these verdicts alone that it is more likely than not that the amount in controversy in the present case is greater than the jurisdictional limit. As diversity jurisdiction in this case is "doubtful," Mulcahey, 29 F.3d at 151, the Court finds and concludes that a remand of this case is appropriate.

Accordingly, **IT IS, THEREFORE, ORDERED** that this action is hereby **REMANDED** to the General Court of Justice for Union County, Superior Court Division, for such further proceedings as may be required.

---

[2]The other cases cited by the Defendant are inapposite as they do not involve verdicts in excess of $75,000 for the alienation of affections. In Hyatt v. McCoy, 194 N.C. 760, 140 S.E 807 (1927), the plaintiff was awarded only $10,000 in compensatory damages and $2,000 in punitive damages for his claims of alienation of affections and seduction. In Boileau v. Seagrave, No. COA07-1431, 2008 WL 4630528 (N.C. Ct. App. Oct. 21, 2008), the plaintiff was awarded only $1 in compensatory damages and $5,000 in punitive damages with respect to her alienation of affections claim. The Defendant also cites Patterson v. Basurto, No. 08-CvS-191 (2009), an unreported opinion from the Hoke County Superior Court, in which the plaintiff was apparently awarded $500,000 for her alienation of affections claim against her former husband's new wife. The Defendant failed, however, to provide a copy of this unreported opinion to the Court. Therefore, the Court will not consider it.

**IT IS SO ORDERED**.

Signed: September 1, 2009

Martin Reidinger
United States District Judge